IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 05-cv-02400-WYD

IEMHOTEP SA-RA, also known as
IEMHOTEP SA'RA,

    Applicant,

v.

RON LEYBA, Warden (AVCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

Applicant, Iemhotep Sa-Ra, also known as Iemhotep Sa'ra, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. The caption to this order has been corrected to include Mr. Sa-Ra's alias.

Mr. Sa-Ra has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction and sentence. On January 20, 2006, I ordered the respondents to file an answer to the habeas corpus application. On February 6, 2006, the respondents filed their answer. On January 4, 2008, I ordered the respondents to supplement the record. On January 22, 2008, the respondents filed a supplement to the record.

I must construe liberally the habeas corpus application filed by Mr. Sa-Ra because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

## I. Factual and Procedural Background

Mr. Sa-Ra was charged with escape and theft of the ankle bracelet he was required to wear while on parole following service of a prison sentence for forgery. The case went to trial on August 19, 2002. On August 20, 2002, a jury in Arapahoe County District Court convicted him of escape and acquitted him of theft. The trial court imposed a five-year prison sentence, to be served consecutively to Mr. Sa-Ra's sentences in other, unrelated cases. The Colorado Court of Appeals affirmed the judgment of conviction on direct appeal. *See People v. Sa'ra*, 117 P.3d 51 (Colo. Ct. App. 2004). On August 8, 2005, the Colorado Supreme Court denied Mr. Sa-Ra's petition for writ of certiorari.

On November 14, 2005, this Court received the instant action for filing. Respondents concede that Mr. Sa-Ra's application appears to have been filed in a timely manner. On December 9, 2005, Mr. Sa-Ra filed in the trial court a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On April 3, 2006, the trial court denied the motion. Mr. Sa-Ra did not appeal from the denial.

2

He asserts one claim for relief in the instant action, which he alleges he exhausted on direct appeal. He claims that his Sixth Amendment right to a speedy trial was denied.

## II. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Sa-Ra has failed to exhaust state remedies for his asserted claim. Respondents specifically argue that Mr. Sa-Ra did not present his claim on federal grounds in state court but rather cited only to state law, *i.e.*, Colorado's Uniform Mandatory Disposition of Detainers Act (UMDDA), Colo. Rev. Stat. §§ 16-14-

3

101 to -108. They contend that he did not cite any federal law upon which he relied, any case deciding his claim on federal grounds, or even label his claim "'federal.'" *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Therefore, they argue, Mr. Sa-Ra failed fairly to present his claim to the state courts as a question of federal law. Finally, the respondents contend that Mr. Sa-Ra's claim is barred procedurally because he procedurally has defaulted the claim in state court. Mr. Sa-Ra has failed to respond to these arguments.

After examining the state court record and in particular Mr. Sa-Ra's state certiorari petition, *see* answer at ex. F, I agree with the respondents that Mr. Sa-Ra has failed to exhaust state court remedies for the claim raised in the application. The claim is not exhausted because it was not raised as a federal constitutional claim in state court. In order to satisfy the fair presentation requirement, the "substance of a federal habeas corpus claim" must have been presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Mr. Sa-Ra failed to raise his claim in the state courts as a federal constitutional claim.

4

The next question to be resolved is whether the instant action is procedurally barred as the respondents contend. Respondents maintain that Mr. Sa-Ra has procedurally defaulted his claim under state law because any Colo. R. Crim. P. 35(c) motion he may file would be barred as successive. I agree. Any attempt to relitigate the claim as a violation of federal constitutional law would be rejected as successive, *see* Colo. R. Crim. P. 35(c)(3)(VII) (with exceptions not applicable here, state postconviction court shall deny any claim that could have been presented in a previous appeal), and as an abuse of process. *See People v. Rodriguez*, 914 P.2d 230, 254-55 (Colo. 1996) (issues available for review on direct appeal that address the same issue on some recently contrived constitutional theory and are not well-founded constitute an abuse of process).

Claims that would now be procedurally barred in state court are deemed to be exhausted, but for purposes of federal habeas review must be regarded as procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996). As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Sa-Ra's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d

5

1128, 1130 (10th Cir. 1994). The fundamental miscarriage of justice exception is implicated only where a constitutional violation probably has resulted in the conviction of one who actually is innocent. *Id.* at 1131. Mr. Sa-Ra fails to establish any excuse for his procedural default. He does not present any argument showing cause and prejudice, nor does he allege any facts to establish his innocence. As a result, federal habeas review is foreclosed.

### III. Conclusion

Therefore, I will deny the habeas corpus application and dismiss the instant action as procedurally barred. Accordingly, it is

ORDERED that the clerk of the court correct the court's docketing records to include Mr. Sa-Ra's alias. It is

FURTHER ORDERED that the habeas corpus application is DENIED and the action is DISMISSED WITH PREJUDICE as procedurally barred. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

DATED at Denver, Colorado, this 13 day of February, 2008.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
UNITED STATES DISTRICT JUDGE